UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Amy Sue Radford, | Case No. 23-cv-2688 (WMW/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Charter Communications Holdings, LLC, *doing business as* Spectrum, | |
| Defendant. | |

---

Before the Court are Plaintiff Amy Sue Radford's civil complaint, (Dkt. 1), and *in forma pauperis* (IFP) application, (Dkt. 2), pursuant to 28 U.S.C. § 1915(e).

After review of the IFP application, the Court concludes that Radford meets the financial qualifications for IFP status. An IFP application is denied and an action is dismissed, however, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

When reviewing a complaint to determine whether it states a claim on which relief may be granted, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim

to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court disregards legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Complaints filed by pro se parties are construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In this case, Radford states that she and her children are members of Minnesota's Safe at Home Program, which allows her to maintain a confidential address.  According to Radford, when she signed up for the program in 2017, she received a handbook listing Defendant's contact information.  Radford asserts that Defendant provided her internet and phone services from 2017 until January 2021.  Radford began receiving unsolicited mail at her confidential address addressed to "Amy Radford or current resident" in March 2021.  Although Radford mailed Defendant a "cease and desist" letter by certified mail and received proof of its delivery on July 29, 2021, she continued to receive mail from Defendant at her confidential residential address, causing her anxiety and emotional distress.  Radford sent Defendant a second "cease and desist" letter on December 9, 2022.  But she continues to receive unsolicited mail from several sources, which leads her to believe that her address confidentiality and her privacy have been compromised.  Radford is a survivor of domestic violence and fears for her safety and her family's safety now that her confidential address has been compromised.  Radford claims that she must now relocate her family.

Radford requests an order directing Defendant to remove all personal identifying information about her, including her address, from its database and any third-party database to which Defendant sold or otherwise gave Radford's information.  Radford also requests

2

punitive damages for violating 5 U.S.C. § 552a of the Privacy Act of 1974 and intruding on her "seclusion, solitude, and safety."

Radford seeks relief pursuant to 5 U.S.C. § 552a, which provides, in pertinent part, that absent specific enumerated exceptions, "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior writing consent of, the individual to whom the record pertains." 28 U.S.C. § 552a(b).  By its terms, however, Section 552a "is specifically limited to actions against agencies of the United States Government." *Spurlock v. Ashley Cty.*, 281 F. App'x 628, 629 (8th Cir. 2008) (per curiam) (citing cases).  Section 552a does not create a private right of action against state agencies, private entities, or private individuals. *See id.*

Radford names Charter Communications Holdings, LLC, as the sole defendant to this action.  But there are no allegations that Charter Communications Holdings, LLC, is an agency of the federal government for the purposes of the Privacy Act of 1974.  Accordingly, Radford's claim under 5 U.S.C. § 552a of the Privacy Act of 1974 fails as a matter of law.

Although Radford does not explicitly assert any other cause of action, she requests relief for Defendant's intrusion on her "seclusion, solitude, and safety." (Dkt. 1.)  Recognizing that pro se complaints are to be liberally construed, the Court understands Radford to be alleging an invasion of privacy, which typically is a state tort cause of action. *See Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 236 (Minn. 1998) (concluding that Minnesota common law recognizes causes of action in tort for "intrusion upon seclusion,

3

appropriation, and publication of private facts"). The Court, however, does not have original jurisdiction over state-law claims. *Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Section 1331 establishes federal court jurisdiction over federal-law claims, but that provision does not provide original jurisdiction over state-law claims. *See id*. Although Section 1332 provides federal courts with original jurisdiction over claims in which the parties are of diverse citizenship, Radford does not allege diversity of citizenship here.

Accordingly, this Court does not have original jurisdiction over these claims. And the exercise of supplemental jurisdiction over state-law claims is improper when, as here, all federal claims are dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

This action is dismissed without prejudice. The federal-law claims are dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and the state-law claims are dismissed for lack of jurisdiction, Fed. R. Civ. P. 12(h)(3). Radford's IFP application, (Dkt. 2), therefore, is denied as moot.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Amy Sue Radford's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**; and

2. The application to proceed *in forma pauperis* of Plaintiff Amy Sue Radford, (Dkt. 2), is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 3, 2024                     s/ Wilhelmina M. Wright
                                           Wilhelmina M. Wright
                                           United States District Judge